**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**TOM SAWYER PRODUCTIONS, INC.  )**
          **Plaintiff,           )**
                          **)**
         **v.                    )**      **Case No.:1:07CV01304**
                          **)**      **Judge: Rosemary M. Collyer**

**PROGRESSIVE PARTNERS        )**
**ACHIEVING SOLUTIONS, INC., et. al.  )**
_____**)**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR**
**ENLARGEMENT OF TIME TO LATE FILE ITS RESPONSE TO**
**DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION**
**FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

Plaintiffs, having filed this frivolous action in order to circumvent the expiration of pleadings deadlines in a companion case in the District of Columbia Superior Court, and having misused the discovery process in this case, now belatedly urge the court to extend  the time to respond to Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment because, Plaintiff's counsel contends, he has been busy with other -- and, presumably, more important -- matters.

On its face, the plaintiffs' motion fails entirely to meet the standard applied to the requested relief.  But even if plaintiffs had proffered a colorable justification for their dilatoriness, the facts and circumstances surrounding their conduct of the litigation mandates denial of plaintiffs' motion.

## II.    STATEMENT OF FACTS

On January 4, 2007, Progressive Partners Achieving Solutions, Inc. ("PPAS") and Portfolio Management Group (not a party to this litigation), filed suit against Tom Sawyer Productions, Inc. ("TSC") in the Superior Court of the District of Columbia,

*Portfolio Management Group, Ltd., et. al. v. Tom Sawyer Co.,* No. 034-07, alleging

breach of contract, breach of fiduciary duty, and an accounting (Superior Court Action)[1].

The Superior Court action involves the breach by TSC of a teaming agreement with

PPAS and PMG.  That teaming agreement specified the parties were to work together and

equally split the revenues from a contract they had procured with the Federal Highway

Administration ("FHWA Contract").  TSC's answer in that case was due on or before

January 24, 2007.  However, TSC did not file its *pro se* answer until February 12, 2007,

nineteen days after the deadline to file its answer had passed and without seeking leave of

the court.  On March 5, 2007, over forty days after an answer was required by TSC, Mr.

Love, its counsel in both the Superior Court case and the current action, filed a proper

answer.  However, true to form, Mr. Love did not seek leave of Court in order to do so,

nor did the new answer include any counter claims nor any mention of the allegations

contained in the Federal suit.  In fact, approximately several weeks after the new answer

was filed, counsel for TSC telephoned undersigned counsel and inquired as to whether

undersigned counsel would consent to a motion to amend the new answer to include a

counter claim.  The undersigned declined her consent, but TSC' counsel never filed any

such motion.  Instead, TSC filed this suit in Federal Court, a case that clearly arises out of

the same transaction or occurrence as the Superior Court action.

On July 23, 2007, depositions of the plaintiffs were being held in the Superior

Court action in the District of Columbia.  These depositions were noted by counsel for

TSC and the plaintiffs were represented by their respective 30(b)(6) designees.  Ms. Roy

testified on behalf of PPAS.  At the conclusion of Ms. Roy's deposition, counsel for TSC

purported to serve Ms. Roy, on behalf of herself and PPAS with this Federal lawsuit that

---

[1]  Discovery has been completed and a Motion for Summary Judgment is pending.

was filed that same day.  The Complaint in this case alleges one count; Tortious

Interference with Contractual Relationship.  The contractual relationship alleged to have

been interfered with is the very same FHWA contract that is at issue in the Superior

Court action.

On August 10, 2007, counsel for Defendants wrote to Plaintiff's counsel as

follows:

> I have had serious concerns with the propriety of the
> complaint you filed in the above captioned case against my
> clients.  In fact, at the time the complaint was filed, I
> was sure that you did not investigate the facts alleged nor the
> possibility that the complaint would be barred under the
> compulsory counter claim rules.  Having spoken to several
> people in the office of civil rights in the Federal Highway
> Administration, I am now certain that the complaint is
> groundless.  Since you have no good faith basis to maintain
> this action against my clients, I demand that you dismiss
> this case immediately.  I invite you to review the enclosed
> declaration.
>
> If you do not dismiss the complaint by close of
> business on August 13, 2007, I will be forced to draft and
> serve a Rule 11 Motion on you.  If I have to draft such a
> motion, I will seek attorney's fees and sanctions.  Please let
> me hear from you with regard to your intentions.
> DX 1.

On August 13, 2007, an assistant in Plaintiff's counsel's office responded to the August

10, 2007, letter stating that "Mr. Love is away on vacation until August 15, 2007.  Upon

his return to the office, [he] will confer with his client regarding your request…and reply

as soon as possible."  DX 2.  Up to and including today, counsel for TSC has failed to

respond to the August 10, 2007, nor address the declaration attached thereto.

On September 17, 2007, counsel for TSC issued four subpoenas duces tecums to

the Federal Highway Administration, AT&T Mobility, LLC, GoDaddy.com, Inc., and

AOL, LLC, DX 3, setting the date for production as October 8, 2007, before any Rule

26(f) meeting was conducted.  By letter dated, October 5, 2007, eighteen days after the

subpoenas were issued and a mere three days before the October 8, 2007, production

date, the subpoenas were transmitted via regular mail to undersigned counsel.

Undersigned counsel did not receive those subpoenas in her office until October 10,

2007.  On October 12, 2007, the undersigned wrote to opposing counsel as follows:

> I am in receipt of four subpoenas issued by your office on September 17, 2007, to four separate entities in the above referenced case.  I received these subpoenas in the regular mail on October 10, 2007, accompanied by a letter from your legal assistant dated October 5, 2007. These subpoenas had a return date of October 8, 2007, two days before I received notice of same in the mail and three days after they were allegedly served on me by your office. Not only have you abused your subpoena power under the Federal Rules by issuing discovery requests in clear violation Federal Rule of Civil Procedure 26(d) and 45(b); you have abused the discovery process as well.  Putting aside your blatant violation of the discovery process, your failure to timely serve the subpoenas as required by both Rule 45 and Rule 5, demonstrates that you are proceeding in bad faith.  Under no construction of either Rule would you be permitted to serve a subpoena on Defendant eighteen days after it was issued and three days before the production was commanded to take place.
>
> Unless you can provide me with an explanation for your actions that satisfies the requirements of the Federal Rules, I will insist that you immediately withdraw these subpoenas and return, un-copied, any documents you may have procured pursuant to these abusive subpoenas to the entities who supplied them.  If I do not hear from you by close of business on Monday, I will have no choice but to seek proper relief from the Court.
> DX 4

On October 15, 2007, instead of providing an explanation for the unauthorized subpoenas

and instead of withdrawing them, opposing counsel wrote to undersigned counsel as

follows: "I instructed my assistant to copy and mail to you all responses we received to the subpoenas we sent out. You'll see that the responses were 'non-responsive'."

On September, 28, 2007, Defendant filed its Motion to Dismiss, or in the alternative, Motion for Summary Judgment. That motion prayed for dismissal on the grounds of defective and improper service of process, lack of personal jurisdiction over Defendant Roy, failure to state a claim, and judgment as a matter of law. Plaintiff's opposition to that motion was due on or before October 12, 2007. Plaintiff ignored that date. In fact, Plaintiff did not file any motion to extend its time within which to respond until October 23, 2007, eleven days after time had already expired for it to file a response. Moreover, instead of filing its opposition simultaneously with its motion to extend time, Plaintiff had the boldness to request the Court grant it until November 6, 2007, to do so.

Plaintiff's Motion to Extend Time reads like a garden variety motion to extend a filing deadline. That motion completely ignores Rule 6(b)(2)'s high "excusable neglect" standard and as is more fully set forth below, does not even attempt to make out a case for excusable neglect. To the contrary, the motion makes clear that missing the deadline was not the result of neglect, excusable or otherwise, but was rather a deliberate decision that other matters were more important than the case at bar.

## IV.    STANDARDS APPLICABLE TO PLAINTFF'S MOTION

### A.    <u>Rule 6(b)(2) of the Federal Rules of Civil Procedure</u>

Federal Rule of Civil procedure 6(b) states in pertinent part:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its

discretion…(2)upon motion made after the expiration of
the specified period, permit the act to be done where the
failure to act was the result of excusable neglect…

Among the factors that the district court may consider in determining whether

neglect is excusable are "(1) the danger of prejudice to the party opposing the

modification, (2) the length of delay and its potential impact on judicial proceedings, (3)

the reason for the delay, including whether it was within the reasonable control of the

movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class*

*Actions,* 327 F.3d 1207, 1209 (D.C.Cir.2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  Courts

have noted that "fault in the delay [is] perhaps the most important single factor," while

the prejudice factor is of relatively little importance.  *Wilson v. Prudential Financial*,

218 F.R.D. 1, 3, citing *Webster v. Pacesetter, Inc.,* 270 F.Supp.2d 9, 14-15 (D.D.C.2003)

(internal quotations omitted); see also, *Wild v. Alster*, 2005 WL 1458283, *2 (D.D.C.

2005).  In granting or refusing enlargements, the district court enjoys broad discretion.

*Yesudian v. Howard Univ.,* 270 F.3d 969, 971 (D.C.Cir.2001) (stressing that the court of

appeals owes "great deference [to district courts] in what are effectively their case-

management decisions" under Rule 6(b));  *Maldonado-Denis v. Castillo-Rodriguez,* 23

F.3d 576, 583 (1st Cir.1994) (noting that "[t]he district court is afforded great leeway in

granting or refusing enlargements").

Moreover, it is the party who is requesting the extension of time who bears the

burden of showing that its neglect was excusable.  *Yanofsky v. Wernick,* 362 F.Supp.

1005, 1012 (S.D.NY. 1973); *Anderson v. Stanco Sports Library, Inc.,* 52 F.R.D. 108, 109

(D.S.C. 1971).  Bare assertions of inability to respond to a motion due to "the press of

other business" are insufficient to show that the failure to respond in a timely fashion to a

motion was excusable neglect. *McLaughlin v. City of LaGrange,* 662 F.2d 1385, 1387

(11th Cir.1981); *Graham v. Pennsylvania Railroad,* 342 F.2d 914, 915 (D.C.Cir.1964);

*Louisiana-Pacific Corp. v. United States,* 2 Cl.Ct. 743, 748 (1983).

### B.     Local Civil Rule 7(b)

Local Civil Rule 7(b) requires an opposing party to file a memorandum of points

and authorities in opposition to a motion within 11 days of the date of service of the

motion. If the opposing party fails to do so, the court may treat the motion as conceded.

*Giraldo v. Dep't of Justice,* 2002 WL 1461787, at *1 (D.C.Cir. July 8, 2002) (citing *Fed.*

*Deposit Ins. Corp. v. Bender,* 127 F.3d 58, 68 (D.C.Cir.1997)). Where a district court

relies on LCvR 7(b) in treating a motion as conceded, the Court of Appeals will honor the

district court's enforcement of the rule. *Ramseur v. Barreto,* 216 F.R.D. 180, 182

(D.D.C. 2003). "Indeed, the District of Columbia Circuit 'has yet to find that a district

court's enforcement of [LCvR 7.1(b)] constituted an abuse of discretion.'" *Id.,* citing

*FDIC v. Bender,* 127 F.3d 58, 67-68 (D.C.Cir.1997) (citations omitted); *accord, McCoy*

*v. Read,* No. 02-5365, 2003 WL 21018864, at *1 (D.C.Cir. April 29, 2003) (discretion to

enforce LCvR 7.1(b) rests entirely with the district court). "This court has treated

motions as conceded where, as here, the opposing party failed to demonstrate excusable

neglect in the untimely filing of an opposition." *Ramseur* 216 F.R.D. at 182. *See also,*

*Stephenson v. Cox,* 223 F.Supp.2d 119, 121 (D.D.C.2002); ("A district court may

exercise its discretion and decide not to consider a late-filed response that falls short of

the requirements of Rule 6(b).").

V.    **ARGUMENT**

    A.    **Plaintiff Fails to Meet Its Burden Pursuant to Federal Rule of Civil Procedure 6(b)(2)**

Defendants filed their motion to dismiss, or in the alternative, motion for summary judgment on September 28, 2007.  Plaintiff's opposition was due on or before October 12, 2007.  LCvR 7(b); Fed. R. Civ. P. 6.  Plaintiff filed its motion to file its opposition out of time on October 23, 2007, eleven days after the its time had expired to file a response.  As such, only a finding of excusable neglect can result in the Court granting Plaintiff's motion.  Fed. R. Civ. P. 6(b)(2).  Plaintiff has failed to establish its failure to file by October 12, 2007, was the result of excusable neglect.

Rule 6(b)(2) grants a reprieve for out of time filings that were delayed by neglect.  The ordinary meaning of neglect is to "give little attention or respect" to a matter or "to leave undone or unattended to especially through carelessness."  *Webster's Dictionary Ninth Ed.* (1993).  Plaintiff's counsel has alleged a number of other professional obligations that he contends warrants this Court finding that his neglect was "excusable."  However, no where does he contend that these professional commitments were unforeseeable, or that his failure to respond was due to "inadvertence, ignorance of the rules, or mistakes construing the rules."  *Webster* 270 F.Supp.2d at 11 (holding that these things do not usually constitute excusable neglect).  Plaintiff's counsel has provided no viable reason to show why he could not fulfill his professional duty to timely respond to Defendants' motion during the two week period between September 28, 2007 and October 12, 2007, particularly in light of Plaintiff's counsel's apparent availability during the entire first week of October 2007.  DX 5.  Moreover, Plaintiff's counsel has provided absolutely no plausible reason why he could not have filed a motion to extend the time to

file a response *before* the expiration of the filing deadline.  According to opposing counsel's firm website, there are at least three attorneys who are of counsel in the litigation practice, who could have filed a simple motion to extend time, which does not require any special knowledge of the facts or theories pertinent to the case.  Further, opposing counsel's apparent abuse of the discovery process by issuing subpoenas in contravention of Rule 26(d), can only cast further doubt on the reasons for counsel's delay.

Plaintiff has not cited[2], and undersigned counsel in her research has been unable to locate a single case that stands for the proposition that the failure to comply with a filing deadline due to the press of other business constitutes excusable neglect.  On the contrary, the opinions read by the undersigned reach the opposite conclusion.  *See, e.g., Loveladies Harbor, Inc. v. U.S.,* 15 Cl.Ct. 375, 379 (Cl. Ct. 1988) (press of other matters does not constitute excusable neglect); *Osberg v. U.S.,* 3 Cl. Ct. 652, 654 (Cl. Ct. 1983) (same); *Graham v. Pennsylvania Railroad,* 342 F.2d 914, 915 (D.C.Cir.1964); *Louisiana-Pacific Corp. v. United States,* 2 Cl.Ct. 743, 748 (1983); *McLauglin v. City of Lagrange,* 662 F.2d 1385, 1387 (11th Cir.1981) (citations omitted) (fact that party was a solo practitioner and engaged with other cases does not constitute excusable neglect for party's delay); *Mawhinney v. Heckler,* 600 F.Supp. 783, 784 (D.Me.1985) (delay caused by backlog of cases does not constitute excusable neglect); *In re Morrow,* 564 F.2d 189, 190 (5th Cir.1977) (court determined that "counsel's workload does not permit a finding of excusable neglect."); *Wittman v. Toll (In re Cordry),* 149 B.R. 970, 977 (D.Kan.1993) (and cases cited therein) ("Consistently, courts have held that an attorney's preoccupation

---

2  Plaintiff has not cited a single authority beyond Rule 6(b) in its Motion.  Tellingly, it does not even use the phrase "excusable neglect" in its filing.

or involvement in other cases or litigation does not constitute excusable neglect.");

*Schmidt v. Boggs (In re Boggs),* 246 B.R. 265, 268 (6th Cir. BAP 2000) (" 'Where

counsel have attempted to convince courts that deadlines missed through mistakes made

by office staff or by other pressures associated with the operation of a legal practice were

the result of excusable neglect, they have been soundly rebuffed.'"); *In re Mizisin,* 165

B.R. 834, 835 (Bankr.N.D.Ohio 1994) ("Misunderstanding of the Bankruptcy Code and

Rules and heavy workload of counsel do not constitute excusable neglect."); *In re GF*

*Corp.,* 127 B.R. 382, 383 (Bankr.N.D.Ohio 1991) ("[C]ourts have specifically held that

an attorney's preoccupation with other litigation cannot constitute excusable neglect.");

*Aponte v. Aungst (In re Aponte),* 91 B.R. 9, 12 (Bankr.E.D.Pa.1988) ("While we are

sympathetic to the demands of litigation, such is a foreseeable consequence of practicing

law and such an excuse does not rise to the level of N.B.R. 8002 excusable neglect."); *In*

*re Snow,* 23 B.R. 655, 657 (Bankr.E.D.Cal.1982) ("The mere difficulty with office help,

inadvertence, and the press of other matters are insufficient to constitute excusable

neglect.").

      In fact, other courts have declined to accept as excusable neglect situations more

compelling than what the Plaintiff urges[3]. *See In re W & L Assoc., Inc.,* 74 B.R. 681

(Bankr.E.D.Pa.1987) (errors by clerical personnel in office of appellant's counsel,

unreported changes of counsel, and reassignment of case to different counsel failed to

satisfy extremely strict standard for showing excusable neglect); *Matter of Estate of*

*Butler's Tire and Battery Co.,* 592 F.2d 1028 (9th Cir.1979) (inadvertence or mistake of

---

[3] It is of little importance that this comes up most frequently in bankruptcy cases, as the bankruptcy rules referencing the excusable neglect standard are patterned after Federal Rule 6(b)(2). *See Advisory Notes* to Bankruptcy Rules. In facts, courts interpreting excusable neglect offer the same standard in the bankruptcy context as other contexts.

counsel did not constitute excusable neglect); *Matter of Morrow,* 564 F.2d 189 (5th

Cir.1977) (the fact that counsel was occupied by a heavy workload in state court did not

constitute excusable neglect).

On the key *Pioneer* factor of fault[4], Plaintiff clearly failed to meet its burden.

*Prizevoits v. Indiana Bell Tel. Co.,* 76 F.3d 132, 134 (7th Cir.1996) (" 'excusable neglect'

…refers to the missing of a deadline as a result of such things as misrepresentations by

judicial officers, lost mail, and plausible misinterpretations of ambiguous rules.").

Moreover, "the lack of prejudice to the [defendant] is of relatively little importance" in

determining whether mistake of law is excusable with respect to a failure to file a timely

notice of appeal.  *Webster v. Pacesetter,*  270 F.Supp.2d 9, 14 (D.D.C. 2003).  *See also*

*Deym v. von Fragstein,* 127 F.3d 1102, 1997 WL 650933, at *3 (6th Cir. 1997);

*Prizevoits,* 76 F.3d at 134.   As explained by the Seventh Circuit:  "The word 'excusable'

would be read out of the rule if inexcusable neglect were transmuted into excusable

neglect by a mere absence of harm."  *Prizevoits,* 76 F.3d at 134.   However, as one D.C.

District Judge noted, "defendant will be prejudiced to the tune of almost one million

dollars if the Court permits consideration of the late…opposition…" *Pigford v.*

*Veneman,* 307 F.Supp.2d 43, 50 (D.D.C. 2004).

Here, counsel is clearly at fault for the delay.   Given the circumstances of this

case, the "fault in delay" factor substantially outweighs any argument that the other

factors favor plaintiffs' position.   *Webster* 270 F.Supp.2d at 14, citing  *Midwest*

*Employers Cas. Co. v. Williams,* 161 F.3d 877, 879-80 (5th Cir. 1995) (mistake of law not

---

[4] As discussed above, the "fault in delay" factor of *Pioneer* is the most important factor in determining
excusable neglect.  *Wilson v. Prudential Financial,* 218 F.R.D. 1, 3, citing *Webster v. Pacesetter, Inc.,* 270
F.Supp.2d 9, 14-15 (D.D.C.2003) (internal quotations omitted); see also, *Wild v. Alster,* 2005 WL 1458283,
*2 (D.D.C. 2005).

excusable neglect even where nonmoving party would not suffer undue prejudice);

*Reynolds v. Wagner,* 1997 WL 423012, at *2 (9th Cir. 1997) (no excusable neglect even

though no prejudice to nonmoving party, no effect on judicial proceedings, and no

indication of bad faith).  *See also, Wilson v. Prudential Financial,* 218 F.R.D. 1, 4

(D.D.C. 2003) (The failure to take timely action "[was] not the result of neglect, but

[was] intentional, and thus [is] not appropriate for consideration under Rule 6(b)," citing

*Wilson v. Feldman,* 1991 WL 197025, at *2 (D.D.C. 1991)); and see *Pang –Tsu Mow v.

Republic of China,* 220 F.2d 811, 815 (D.C. Cir. 1955) (noting that the appellant's failure

to timely file a notice of appeal was "advertent" rather than by reason of neglect).

Consequently, even an application of the *Pioneer* factors militates against a finding of

excusable neglect.

    **B.**    <u>**The Court Should Deem Defendants' Motion to Dismiss, or in the
alternative for Summary Judgment Conceded Pursuant to Local Civil
Rule 7(b)**</u>

This Court has treated motions as concede where, as here, the opposing party

failed to demonstrate excusable neglect in the untimely filing of an opposition.  *Ramseur

v. Barreto,* 216 F.R.D. 180, 183 (D.D.C. 2003); *Stephenson v. Cox,* 223 F.Supp.2d 119,

121 (D.D.C. 2002) (citations omitted) ("A district court may exercise its discretion and

decide not to consider a late filed response that falls short of the requirements of Rule

6(b).").

Plaintiff has failed to show even a scintilla of neglect, and even less of a showing

of excusable neglect.  Plaintiff's filing is nothing more than a plea to the Court to forgive

its counsel for looking at his calendar, seeing the date the opposition was due, and

deciding that other matters were more important as this one.  As is discussed above, this

does not meet the standard required to be shown under Federal Rule 6(b)(2). As such, Defendant urges the Court to grant its Motion to Dismiss, or in the Alternative for Summary Judgment as unopposed pursuant to LCvR 7(b), and dismiss this frivolous suit.

## VI.    <u>CONCLUSION</u>

On the basis of the foregoing Defendant prays that the instant motion be denied, that the previously filed Motion to Dismiss, or in the alternative for Summary Judgment be granted, and this case be dismissed.

Respectfully submitted,

Rolinski & Suarez, L.L.C.


    /s/Danielle M. Espinet
Danielle M. Espinet, Bar # 478553
14915 River Rd.
Potomac, MD 20854
Ph: (240)632-0903
Fax: (240)632-0906
Email: despinet@rolinski.com

Counsel for the Defendants

### ROLINSKI & SUAREZ, LLC
### ATTORNEYS AT LAW
**14915 River Road**
**Potomac, Maryland 20854**
**Tel: (240) 632-0903**
**Fax: (240) 632-0906**
***www.Rolinski.com***

***DEspinet@Rolinski.com***

SYLVIA J. ROLINSKI*
LOUIS J. SUAREZ**
DANIELLE M. ESPINET***

\*Admitted in MD, DC and NY
\*\*Admitted in MT
\*\*\*Admitted in NY, MD, DC, and FL

Suite 440
1615 L St., N.W.
Washington, D.C. 20036
202-445-6955

Longwood, Florida
(Orlando Metro Area)

Sofia, Bulgaria
Varna, Bulgaria

August 10, 2007

*VIA FACSIMILE*
Mr. Jonathan Love
The Love Law Firm
3309 Duke St.
Alexandria, VA

Re: *Tom Sawyer Company v PPAS*

Dear Mr. Love:

I have had serious concerns with the propriety of the complaint you filed in the above captioned case against my clients. In fact, at the time the complaint was filed, I was sure that you did not investigate the facts alleged nor the possibility that the complaint would be barred under the compulsory counter claim rules. Having spoken to several people in the office of civil rights in the Federal Highway Administration, I am now certain that the complaint is groundless. Since you have no good faith basis to maintain this action against my clients, I demand that you dismiss this case immediately. I invite you to review the enclosed declaration.

If you do not dismiss the complaint by close of business on August 13, 2007, I will be forced to draft and serve a Rule 11 Motion on you. If I have to draft such a motion, I will seek attorney's fees and sanctions. Please let me hear from you with regard to your intentions.

Sincerely,

Danielle M. Espinet, Esq.

DME/kr
G:\Legal Docts\Civil\Tom Sawyer Productions v. PPAS\Correspondence\correspondence counsel\07-08-10 fax DME to Love.doc

EXHIBIT
1

# GUYDON LOVE, LLP

### ATTORNEYS & COUNSELLORS AT LAW

**Quaker Professional Square**
**3309 Duke Street**
Alexandria, Virginia 22314
WWW.GUYDONLOVE.COM

Telephone (703) 212-9000
Facsimile  (703) 212-9001

Other Firm Locations:
Washington, D.C.
Landover, MD

August 13, 2007

**VIA TELECOPY**
Danielle M. Espinet, Esq.
ROLINSKI & SUAREZ, LLC
14915 River Road
Potomac, Maryland 20854
Fax (240) 632-0905

RE:    Tom Sawyer Productions, Inc. v. Progressive Partners Achieving Solutions, et al.
Case No. 1:07-CV-01304

Dear Ms. Espinet:

Please be advised that Mr. Love is away on vacation until August 15, 2007.  Upon his return to the office, Mr. Love will confer with his client regarding your request to dismiss the federal suit and reply as soon as possible thereafter.

Respectfully,

Tiffany Simons
Legal Assistant

tns



# GUYDON LOVE, LLP

### ATTORNEYS & COUNSELLORS AT LAW

**Quaker Professional Square**
**3309 Duke Street**
**Alexandria, Virginia 22314**
WWW.GUYDONLOVE.COM

Telephone (703) 212-9000
Facsimile  (703) 212-9001

Other Firm Locations:
Washington, D.C.
Landover, MD

October 5, 2007

**VIA US MAIL**
Danielle M. Espinet, Esq.
Rolinski & Suarez, LLC
14915 River Road
Potomac, Maryland 20854

RE:    Notice of Subpoena

Tom Sawyer Productions v. Progressive Partners Achieving Solutions, et al.
Case No. 1:07cv01304

Dear Mrs. Espinet:

Enclosed please find a copy of the following documents which we respectfully request you review on behalf of the Plaintiff in the above captioned matter:

1. Subpoena Duces Tecum re: Federal Highway Administration
2. Subpoena Duces Tecum re: AT&T Mobility, LLC
3. Subpoena Duces Tecum re: GoDaddy.Com, Inc.
4. Subpoena Duces Tecum re: AOL, LLC

Should you have any questions or comments, please contact our office at the masthead address.

Respectfully,

*Tiffany Simons*

Tiffany Simons
Legal Assistant

tns
Encl:   31 pgs

EXHIBIT
3

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

For The                          DISTRICT OF          Columbia

Tom Sawyer Productions, Inc.

            V.                          **SUBPOENA IN A CIVIL CASE**

Progressive Partners Achieving
Solutions, Inc., et al.

                              Case Number:[1]  1:07cv01304

TO: Office of the Chief Counsel (HCC-1)
     Federal Highway Administration
     US Department of Transportation
     400 7th Street, SW, Room 4213, Washington, DC 20590

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached schedule.

| PLACE  1717 K Street, NW, Ste. 600  Washington, DC 20036 | DATE AND TIME  10/08/07 @ 10:00 AM |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     Attorney for Plaintiff | DATE  9/17/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan F.S. Love, Esq.    3309 Duke Street    (703) 212-9000
                              Alexandria, VA 22314

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**INSTRUCTIONS, DEFINITIONS AND RULES OF CONSTRUCTION FOR
SCHEDULE OF SUBPOENA *DUCES TECUM* (DOCUMENT REQUEST)
TO FEDERAL HIGHWAY ADMINISTRATION**

<u>INSTRUCTIONS</u>

1. In complying with the attached Subpoena, you are required to produce all responsive documents that are in your possession, custody or control whether held by you our your past or present agent, employee, or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy or to which you have access as well as documents that you have placed in the temporary possession, custody or control of any third party. No records, documents, data or information called for in this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to Guydon Love, LLP.

2. For any of the documents described in the schedule included herein, the documents produced should include, without redaction, all information regarding Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); Tom Sawyer Productions, Inc. dba Tom Sawyer Company (TSC); Victoria Anderson; Brenda Armstead; Teresa Banks; Monica Brown; Pamela Foster; Frederick Isler; Charles Klemstine; Van Nixon; Renata 'Toni' Roy; Carolyn Sawyer; and Sarah Tarpgaard.

3. Production with respect to each document shall include all electronic versions and data files from word processing, spreadsheet, email, or instant messaging applications, and other electronic data repositories, and shall be provided to Guydon Love, LLP, in its native file format and shall include all original metadata for each electronic document or data file. Productions shall be provided on CD, DVD or USB external hard drive.

4. Any draft, preliminary version, modification, revision, or amendment of a document, and any version that otherwise differs in any respect, such as having marginalia,

markings, or other notations or attachments, or otherwise, shall be considered a separate document and shall also be furnished as responsive.

5. In the event that any entity, organization or individual denoted in this subpoena has been, or is also known by any other name than that herein denoted, the subpoena shall be read also to include them under that alternative identification.

6. Each form in which a document is produced shall be capable of being copied in that form.

7. Document shall be produced as they are kept in the usual course of your business, including with any file labels, dividers, or other identifying markers with which they were associated when this subpoena was served. Also identify to which paragraph from the subpoena such documents are responsive.

8. It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identified or identical copies of the same document.

9. If compliance with the subpoena cannot be made in full, compliance shall be made to the fullest extent possible and shall include an explanation of how the compliance is less than full and why fuller compliance is not possible.

10. In the event that any document which you have reason to believe Guydon Love, LLP, might regard as responsive is being withheld for any reason, provide the following information concerning such document:
    a. The nature, source, and date of the document;
    b. A description of the document's subject matter;
    c. The name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

    d.   The name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

    e.   The basis for withholding the document from Guydon Love, LLP, including the nature of any privilege or rule of law relied upon, the identity of the person or persons asserting any such privilege or rule, and the legal basis for asserting the privilege or rule.

11. In the event that any document which you have reason to believe Guydon Love, LLP, might regard as responsive is claimed to have been destroyed or to otherwise be no longer within your possession, custody, or control, provide the following information concerning such document:

    a.   The nature, source, and date of the document;

    b.   A description of the document's subject matter;

    c.   The name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

    d.   The name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

    e.   The date the document was destroyed, or ceased to be within your possession, custody, or control;

    f.   The person who ordered or authorized such destruction or removal from your possession, custody, or control;

    g.   The reason for the document's destruction or removal from your possession, custody, or control, and the policy and authority on which such destruction or removal was based; and

    h.   The custodian of the document on the date of such destruction or removal.

12. If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is

otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

13. All documents shall be bates-stamped sequentially and produced sequentially, with an indication as to which paragraph of the schedule it is responsive.

14. This request is continuing in nature and applies to any newly-discovered information. Any document not produced because it has not been located or discovered by the return date shall be produced immediately upon location or discovery subsequent thereto.

<u>DEFINITIONS</u>

As used anywhere in this subpoena or in the schedule, instructions, definitions, or rules of construction thereto:

1. The term "document" is meant to carry, without limitation, the full breadth of that term as it is used in the Federal Rules of Civil Procedure. It includes, as applicable, any memorialization, whether typed or written, recorded, printed or otherwise produced by hand, or produced by any electronic or digital process or otherwise. It includes, without limitation, agreements, contracts, letters or other correspondence, facsimile or email transmissions, telephone messages, logs or records, memoranda, notes, diaries, graphs, formulas, models, bulletins, computer printouts, transcripts, analyses, returns, summaries, accounts, estimates, projections, comparisons, messages, press releases, circulars, reviews, opinions, offers, studies, photographs, investigations, questionnaires, surveys, work sheets, statistical data, reports, notebooks, manuals, charts or other graphic matter, plans, journals, ledgers, bank records, financial statements, summaries, analyses, commentary, expense reports, books, instructions, financial reports, working papers, records notes, notices, confirmations, telegrams, teletypes, interoffice or intra-office communications, cables, and minutes or notations or other records of any type of any conversation, interview, telephone call, meeting, conference, discussion, or other communication. It includes any transmittal slip, attachment, appendix, or other document referenced

herein. It includes, without limitation, any information contained on audiotape, videotape, microfilm, or microfiche, as well as any electronically stored information that has been created using, or is otherwise maintained on, digital repositories or other electronic media including, but not limited to, personal computers, office workstations, laptops, hard drives, handheld devices (such as Palm, trio or Blackberry), phones (office, mobile and/or home), removable electronic storage devices (such as CDs, DVDs, and USB or thumb drives), shared network drives and servers (including email and/or file servers) and back-up tapes (or other disaster recovery/archiving media).

2. The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information which might otherwise be construed to be outside its scope. The singular includes the plural number, and vice versa, so that neither shall be construed as a limitation. The masculine, feminine, and neuter genders each include the others.

3. The term "person", "persons", and "anyone" includes, without limitation, natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof.

4. The terms "referring" and "relating", with respect to any given subject, shall be construed broadly to mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5. The terms "including" and "includes", with respect to any given subject, shall be construed broadly so that specification of any particular matter shall not be construed to exclude any documents that you have reason to believe that Guydon Love, LLP, might regard as responsive.

6.  The terms "you" and "your" include you individually, in your official capacity as employee of the Federal Highway Administration and any or all of its branches, departments or agencies, and, without limitation, anyone presently or formerly employed there, suspended from employment there, or on administrative leave from there.

7.  The term "Federal Highway Administration" includes, without limitation, anyone presently or formerly employed there, suspended from employment there, or on administrative leave from employment there.

## SCHEDULE OF DOCUMENTS AND/OR OBJECTS REQUESTED

1.  All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications regarding Federal Highway Administration (FHWA) contract no. DTFH61-06-C-00016.

2.  All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications regarding Federal Highway Administration (FHWA) contract no. DTFH61-06-C-00008.

3.  All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications regarding Federal Highway Administration (FHWA) Civil Rights Transportation Summit 2007.

4.  All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications between Federal Highway Administration (FHWA) employee Victoria Anderson and Renata 'Toni' Roy concerning business transacted between the Federal Highway Administration and Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); and/or Tom Sawyer Productions, Inc. dba Tom Sawyer Company (TSC) for the period of July 1, 2005 to December 1, 2006.

5. All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications between Federal Highway Administration (FHWA) employee Brenda Armstead and Renata 'Toni' Roy concerning business transacted between the Federal Highway Administration and Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); and/or Tom Sawyer Productions, Inc. dba Tom Sawyer Company (TSC) for the period of July 1, 2005 to December 1, 2006.

6. All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications between Federal Highway Administration (FHWA) employee Teresa Banks and Renata 'Toni' Roy concerning business transacted between the Federal Highway Administration and Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); and/or Tom Sawyer Productions, Inc. dba Tom Sawyer Company (TSC) for the period of July 1, 2005 to December 1, 2006.

7. All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications between Federal Highway Administration (FHWA) employee Pamela Foster and Renata 'Toni' Roy concerning business transacted between the Federal Highway Administration and Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); and/or Tom Sawyer Productions, Inc. dba Tom Sawyer Company (TSC) for the period of July 1, 2005 to December 1, 2006.

8. All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications between Federal Highway Administration (FHWA) employee Frederick D. Isler and Renata 'Toni' Roy concerning business transacted between the Federal Highway Administration and Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); and/or Tom Sawyer Productions, Inc. dba Tom Sawyer Company (TSC) for the period of July 1, 2005 to December 1, 2006.

9.  All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications between Federal Highway Administration (FHWA) employee Charles Klemstine and Renata 'Toni' Roy concerning business transacted between the Federal Highway Administration and Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); and/or Tom Sawyer Productions, Inc. dba Tom Sawyer Company (TSC) for the period of July 1, 2005 to December 1, 2006.

10. All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications between Federal Highway Administration (FHWA) employee Van Nixon and Renata 'Toni' Roy concerning business transacted between the Federal Highway Administration and Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); and/or Tom Sawyer Productions, Inc. dba Tom Sawyer Company (TSC) for the period of July 1, 2005 to December 1, 2006.

11. All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications between Federal Highway Administration (FHWA) employee Sarah Tarpgaard and Renata 'Toni' Roy concerning business transacted between the Federal Highway Administration and Tom Sawyer Productions, Inc. dba Tom Sawyer Company for the period of July 1, 2005 to December 1, 2006.

12. All documents, including but not limited to emails, inter-office memoranda, letters, notes, post-its, file entries, and work papers that evidence communications with any employees of, representatives of, or any agents acting on behalf of, the Federal Highway Administration not identified herein concerning business transacted between the Federal Highway Administration and Portfolio Management Group (PMG); Progressive Partners Achieving Solutions (PPAS); and/or Tom Sawyer

Productions, Inc. dba Tom Sawyer Company (TSC) for the period of July 1, 2005 to December 1, 2006.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

For The _____    DISTRICT OF _____ Columbia _____

Tom Sawyer Productions, Inc.

    V.

Progressive Partners Achieving
Solutions, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07cv01304

TO: Subpoena Compliance
    AT&T Mobility, LLC
    11760 US Highway 1, N Palm Beach, FL 33408

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    Please see attached schedule.

| PLACE   3309 Duke Street<br>Alexandria, VA 22314 | DATE AND TIME<br>10/08/07 @ 10:00 AM |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff | DATE<br>09/17/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan F.S. Love, Esq.    3309 Duke Street    (703) 212-9000
                             Alexandria, VA 22314

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**INSTRUCTIONS, DEFINITIONS AND RULES OF CONSTRUCTION FOR
SCHEDULE OF SUBPOENA *DUCES TECUM* (DOCUMENT REQUEST)
TO AT&T MOBILITY, L.L.C.**

## INSTRUCTIONS

1. In complying with the attached Subpoena, you are required to produce all responsive documents that are in your possession, custody or control whether held by you our your past or present agent, employee, or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy or to which you have access as well as documents that you have placed in the temporary possession, custody or control of any third party. No records, documents, data or information called for in this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to Guydon Love, LLP.

2. For any of the documents described in paragraphs of the schedule included herein, the documents produced should include, without redaction, all information regarding communications sent and received by telephone number 202-297-9881.

3. Production with respect to each document shall include all electronic versions and data files from word processing, spreadsheet, email, or instant messaging applications, and other electronic data repositories, and shall be provided to Guydon Love, LLP, in its native file format and shall include all original metadata for each electronic document or data file. Productions shall be provided on CD, DVD or USB external hard drive.

4. Any draft, preliminary version, modification, revision, or amendment of a document, and any version that otherwise differs in any respect, such as having marginalia, markings, or other notations or attachments, or otherwise, shall be considered a separate document and shall also be furnished as responsive.

5. In the event that any entity, organization or individual denoted in this subpoena has been, or is also known by any other name than that herein denoted, the subpoena shall be read also to include them under that alternative identification.

6. Each form in which a document is produced shall be capable of being copied in that form.

7. Document shall be produced as they are kept in the usual course of your business, including with any file labels, dividers, or other identifying markers with which they were associated when this subpoena was served. Also identify to which paragraph from the subpoena such documents are responsive.

8. It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identified or identical copies of the same document.

9. If compliance with the subpoena cannot be made in full, compliance shall be made to the fullest extent possible and shall include an explanation of how the compliance is less than full and why fuller compliance is not possible.

10. In the event that any document which you have reason to believe Guydon Love, LLP, might regard as responsive is being withheld for any reason, provide the following information concerning such document:
    a. The nature, source, and date of the document;
    b. A description of the document's subject matter;
    c. The name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;
    d. The name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

e.  The basis for withholding the document from Guydon Love, LLP, including the nature of any privilege or rule of law relied upon, the identity of the person or persons asserting any such privilege or rule, and the legal basis for asserting the privilege or rule.

11. In the event that any document which you have reason to believe Guydon Love, LLP, might regard as responsive is claimed to have been destroyed or to otherwise be no longer within your possession, custody, or control, provide the following information concerning such document:

a.  The nature, source, and date of the document;

b.  A description of the document's subject matter;

c.  The name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

d.  The name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

e.  The date the document was destroyed, or ceased to be within your possession, custody, or control;

f.  The person who ordered or authorized such destruction or removal from your possession, custody, or control;

g.  The reason for the document's destruction or removal from your possession, custody, or control, and the policy and authority on which such destruction or removal was based; and

h.  The custodian of the document on the date of such destruction or removal.

12. If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

13. All documents shall be bates-stamped sequentially and produced sequentially, with an indication as to which paragraph of the schedule it is responsive.

14. This request is continuing in nature and applies to any newly-discovered information. Any document not produced because it has not been located or discovered by the return date shall be produced immediately upon location or discovery subsequent thereto.

## DEFINITIONS

As used anywhere in this subpoena or in the schedule, instructions, definitions, or rules of construction thereto:

1. The term "document" is meant to carry, without limitation, the full breadth of that term as it is used in the Federal Rules of Civil Procedure. It includes, as applicable, any memorialization, whether typed or written, recorded, printed or otherwise produced by hand, or produced by any electronic or digital process or otherwise. It includes, without limitation, agreements, contracts, letters or other correspondence, facsimile or email transmissions, telephone messages, logs or records, memoranda, notes, diaries, graphs, formulas, models, bulletins, computer printouts, transcripts, analyses, returns, summaries, accounts, estimates, projections, comparisons, messages, press releases, circulars, reviews, opinions, offers, studies, photographs, investigations, questionnaires, surveys, work sheets, statistical data, reports, notebooks, manuals, charts or other graphic matter, plans, journals, ledgers, bank records, financial statements, summaries, analyses, commentary, expense reports, books, instructions, financial reports, working papers, records notes, notices, confirmations, telegrams, teletypes, interoffice or intra-office communications, cables, and minutes or notations or other records of any type of any conversation, interview, telephone call, meeting, conference, discussion, or other communication. It includes any transmittal slip, attachment, appendix, or other document referenced herein. It includes, without limitation, any information contained on audiotape, videotape, microfilm, or microfiche, as well as any electronically stored information that has been created using, or is otherwise maintained on, digital repositories or other

electronic media including, but not limited to, personal computers, office workstations, laptops, hard drives, handheld devices (such as Palm, trio or Blackberry), phones (office, mobile and/or home), removable electronic storage devices (such as CDs, DVDs, and USB or thumb drives), shared network drives and servers (including email and/or file servers) and back-up tapes (or other disaster recovery/archiving media).

2. The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information which might otherwise be construed to be outside its scope. The singular includes the plural number, and vice versa, so that neither shall be construed as a limitation. The masculine, feminine, and neuter genders each include the others.

3. The term "person", "persons", and "anyone" includes, without limitation, natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof.

4. The terms "referring" and "relating", with respect to any given subject, shall be construed broadly to mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5. The terms "including" and "includes", with respect to any given subject, shall be construed broadly so that specification of any particular matter shall not be construed to exclude any documents that you have reason to believe that Guydon Love, LLP, might regard as responsive.

6. The terms "you" and "your" include you individually, in your official capacity as employee of the AT&T Mobility, LLC and any or all of its branches, departments or agencies, and, without limitation, anyone presently or formerly employed there, suspended from employment there, or on administrative leave from there.

## SCHEDULE OF DOCUMENTS AND/OR OBJECTS REQUESTED

1. All documents, including but not limited to emails, logs, inter-office memoranda, letters, notes, post-its, and file entries, work papers that evidence communications sent from telephone number 202-297-9881 for the period of July1, 2005 to December 1, 2006.

2. All documents, including but not limited to emails, logs, inter-office memoranda, letters, notes, post-its, and file entries, work papers that evidence communications received by telephone number 202-297-9881 for the period of July1, 2005 to December 1, 2006.

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

For The _____    DISTRICT OF ___ Eastern Virginia ___

Tom Sawyer Productions, Inc.

V.    **SUBPOENA IN A CIVIL CASE**

Progressive Partners Achieving
Solutions, Inc., et al.

Case Number:[1] 1:07cv01304

US District Court for
District of Columbia

TO:  AOL, LLC.
     Legal Dept. Custodian of Records - Civil Subpoena
     22000 AOL Way, Dulles, VA 20166

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached schedule.

| PLACE  3309 Duke Street<br>Alexandria, VA 22314 | DATE AND TIME<br>10/08/07 @ 10:00 AM |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 09/17/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan F.S. Love, Esq.    3309 Duke Street    (703) 212-9000
                            Alexandria, VA 22314

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

**INSTRUCTIONS, DEFINITIONS AND RULES OF CONSTRUCTION FOR
SCHEDULE OF SUBPOENA *DUCES TECUM* (DOCUMENT REQUEST)
TO AOL, LLC**

<u>INSTRUCTIONS</u>

1. In complying with the attached Subpoena, you are required to produce all responsive documents that are in your possession, custody or control whether held by you our your past or present agent, employee, or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy or to which you have access as well as documents that you have placed in the temporary possession, custody or control of any third party. No records, documents, data or information called for in this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to Guydon Love, LLP.

2. For any of the documents described in paragraphs of the schedule included herein, the documents produced should include, without redaction, all information regarding communications sent and received by RenataRoy@aol.com

3. Production with respect to each document shall include all electronic versions and data files from word processing, spreadsheet, email, or instant messaging applications, and other electronic data repositories, and shall be provided to Guydon Love, LLP, in its native file format and shall include all original metadata for each electronic document or data file. Productions shall be provided on CD, DVD or USB external hard drive.

4. Any draft, preliminary version, modification, revision, or amendment of a document, and any version that otherwise differs in any respect, such as having marginalia, markings, or other notations or attachments, or otherwise, shall be considered a separate document and shall also be furnished as responsive.

5. In the event that any entity, organization or individual denoted in this subpoena has been, or is also known by any other name than that herein denoted, the subpoena shall be read also to include them under that alternative identification.

6. Each form in which a document is produced shall be capable of being copied in that form.

7. Document shall be produced as they are kept in the usual course of your business, including with any file labels, dividers, or other identifying markers with which they were associated when this subpoena was served. Also identify to which paragraph from the subpoena such documents are responsive.

8. It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identified or identical copies of the same document.

9. If compliance with the subpoena cannot be made in full, compliance shall be made to the fullest extent possible and shall include an explanation of how the compliance is less than full and why fuller compliance is not possible.

10. In the event that any document which you have reason to believe Guydon Love, LLP, might regard as responsive is being withheld for any reason, provide the following information concerning such document:
   a. The nature, source, and date of the document;
   b. A description of the document's subject matter;
   c. The name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;
   d. The name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

    e.  The basis for withholding the document from Guydon Love, LLP, including the nature of any privilege or rule of law relied upon, the identity of the person or persons asserting any such privilege or rule, and the legal basis for asserting the privilege or rule.

11. In the event that any document which you have reason to believe Guydon Love, LLP, might regard as responsive is claimed to have been destroyed or to otherwise be no longer within your possession, custody, or control, provide the following information concerning such document:

    a.  The nature, source, and date of the document;

    b.  A description of the document's subject matter;

    c.  The name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

    d.  The name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

    e.  The date the document was destroyed, or ceased to be within your possession, custody, or control;

    f.  The person who ordered or authorized such destruction or removal from your possession, custody, or control;

    g.  The reason for the document's destruction or removal from your possession, custody, or control, and the policy and authority on which such destruction or removal was based; and

    h.  The custodian of the document on the date of such destruction or removal.

12. If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

13. All documents shall be bates-stamped sequentially and produced sequentially, with an indication as to which paragraph of the schedule it is responsive.

14. This request is continuing in nature and applies to any newly-discovered information. Any document not produced because it has not been located or discovered by the return date shall be produced immediately upon location or discovery subsequent thereto.

## DEFINITIONS

As used anywhere in this subpoena or in the schedule, instructions, definitions, or rules of construction thereto:

1. The term "document" is meant to carry, without limitation, the full breadth of that term as it is used in the Federal Rules of Civil Procedure. It includes, as applicable, any memorialization, whether typed or written, recorded, printed or otherwise produced by hand, or produced by any electronic or digital process or otherwise. It includes, without limitation, agreements, contracts, letters or other correspondence, facsimile or email transmissions, telephone messages, logs or records, memoranda, notes, diaries, graphs, formulas, models, bulletins, computer printouts, transcripts, analyses, returns, summaries, accounts, estimates, projections, comparisons, messages, press releases, circulars, reviews, opinions, offers, studies, photographs, investigations, questionnaires, surveys, work sheets, statistical data, reports, notebooks, manuals, charts or other graphic matter, plans, journals, ledgers, bank records, financial statements, summaries, analyses, commentary, expense reports, books, instructions, financial reports, working papers, records notes, notices, confirmations, telegrams, teletypes, interoffice or intra-office communications, cables, and minutes or notations or other records of any type of any conversation, interview, telephone call, meeting, conference, discussion, or other communication. It includes any transmittal slip, attachment, appendix, or other document referenced herein. It includes, without limitation, any information contained on audiotape, videotape, microfilm, or microfiche, as well as any electronically stored information that has been created using, or is otherwise maintained on, digital repositories or other

electronic media including, but not limited to, personal computers, office workstations, laptops, hard drives, handheld devices (such as Palm, trio or Blackberry), phones (office, mobile and/or home), removable electronic storage devices (such as CDs, DVDs, and USB or thumb drives), shared network drives and servers (including email and/or file servers) and back-up tapes (or other disaster recovery/archiving media).

2. The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information which might otherwise be construed to be outside its scope. The singular includes the plural number, and vice versa, so that neither shall be construed as a limitation. The masculine, feminine, and neuter genders each include the others.

3. The term "person", "persons", and "anyone" includes, without limitation, natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof.

4. The terms "referring" and "relating", with respect to any given subject, shall be construed broadly to mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5. The terms "including" and "includes", with respect to any given subject, shall be construed broadly so that specification of any particular matter shall not be construed to exclude any documents that you have reason to believe that Guydon Love, LLP, might regard as responsive.

6. The terms "you" and "your" include you individually, in your official capacity as employee of the AOL, LLC and any or all of its Branches, Departments or Agencies, and, without limitation, anyone presently or formerly employed there, suspended from employment there, or on administrative leave from there.

## SCHEDULE OF DOCUMENTS AND/OR OBJECTS REQUESTED

1. All documents, including but not limited to emails, logs, inter-office memoranda, letters, notes, post-its, and file entries, work papers that evidence communications sent from RenataRoy@aol.com for the period of July1, 2005 to December 1, 2006.

2. All documents, including but not limited to emails, logs, inter-office memoranda, letters, notes, post-its, and file entries, work papers that evidence communications received by RenataRoy@aol.com for the period of July1, 2005 to December 1, 2006.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

For The _____    DISTRICT OF _____ Columbia

Tom Sawyer Productions, Inc.

    V.    **SUBPOENA IN A CIVIL CASE**

Progressive Partners Achieving
Solutions, Inc., et al.

Case Number:[1] 1:07cv01304

TO: Compliance Department
    GoDaddy.Com, Inc.
    14455 N Hayden Rd., Ste 219, Scottsdale, AZ 85260

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    Please see attached schedule.

| PLACE  3309 Duke Street  Alexandria, VA 22314 | DATE AND TIME  10/08/07 @ 10:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  [signature]  **Attorney for Plaintiff** | DATE  09/17/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan F.S. Love, Esq.    3309 Duke Street    (703) 212-9000
                            Alexandria, VA 22314

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**INSTRUCTIONS, DEFINITIONS AND RULES OF CONSTRUCTION FOR
SCHEDULE OF SUBPOENA *DUCES TECUM* (DOCUMENT REQUEST)
TO GoDADDY.COM, INC.**

<u>INSTRUCTIONS</u>

1. In complying with the attached Subpoena, you are required to produce all responsive documents that are in your possession, custody or control whether held by you our your past or present agent, employee, or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy or to which you have access as well as documents that you have placed in the temporary possession, custody or control of any third party. No records, documents, data or information called for in this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to Guydon Love, LLP.

2. For any of the documents described in paragraphs of the schedule included herein, the documents produced should include, without redaction, all information regarding communications sent and received by <u>renataroy@ppas-inc.com</u>

3. Production with respect to each document shall include all electronic versions and data files from word processing, spreadsheet, email, or instant messaging applications, and other electronic data repositories, and shall be provided to Guydon Love, LLP, in its native file format and shall include all original metadata for each electronic document or data file. Productions shall be provided on CD, DVD or USB external hard drive.

4. Any draft, preliminary version, modification, revision, or amendment of a document, and any version that otherwise differs in any respect, such as having marginalia, markings, or other notations or attachments, or otherwise, shall be considered a separate document and shall also be furnished as responsive.

5. In the event that any entity, organization or individual denoted in this subpoena has been, or is also known by any other name than that herein denoted, the subpoena shall be read also to include them under that alternative identification.

6. Each form in which a document is produced shall be capable of being copied in that form.

7. Document shall be produced as they are kept in the usual course of your business, including with any file labels, dividers, or other identifying markers with which they were associated when this subpoena was served. Also identify to which paragraph from the subpoena such documents are responsive.

8. It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identified or identical copies of the same document.

9. If compliance with the subpoena cannot be made in full, compliance shall be made to the fullest extent possible and shall include an explanation of how the compliance is less than full and why fuller compliance is not possible.

10. In the event that any document which you have reason to believe Guydon Love, LLP, might regard as responsive is being withheld for any reason, provide the following information concerning such document:
    a. The nature, source, and date of the document;
    b. A description of the document's subject matter;
    c. The name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;
    d. The name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

    e.   The basis for withholding the document from Guydon Love, LLP, including the nature of any privilege or rule of law relied upon, the identity of the person or persons asserting any such privilege or rule, and the legal basis for asserting the privilege or rule.

11. In the event that any document which you have reason to believe Guydon Love, LLP, might regard as responsive is claimed to have been destroyed or to otherwise be no longer within your possession, custody, or control, provide the following information concerning such document:

    a.   The nature, source, and date of the document;

    b.   A description of the document's subject matter;

    c.   The name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

    d.   The name and address of any other person to whom any of the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

    e.   The date the document was destroyed, or ceased to be within your possession, custody, or control;

    f.   The person who ordered or authorized such destruction or removal from your possession, custody, or control;

    g.   The reason for the document's destruction or removal from your possession, custody, or control, and the policy and authority on which such destruction or removal was based; and

    h.   The custodian of the document on the date of such destruction or removal.

12. If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

13. All documents shall be bates-stamped sequentially and produced sequentially, with an indication as to which paragraph of the schedule it is responsive.

14. This request is continuing in nature and applies to any newly-discovered information. Any document not produced because it has not been located or discovered by the return date shall be produced immediately upon location or discovery subsequent thereto.

## DEFINITIONS

As used anywhere in this subpoena or in the schedule, instructions, definitions, or rules of construction thereto:

1. The term "document" is meant to carry, without limitation, the full breadth of that term as it is used in the Federal Rules of Civil Procedure. It includes, as applicable, any memorialization, whether typed or written, recorded, printed or otherwise produced by hand, or produced by any electronic or digital process or otherwise. It includes, without limitation, agreements, contracts, letters or other correspondence, facsimile or email transmissions, telephone messages, logs or records, memoranda, notes, diaries, graphs, formulas, models, bulletins, computer printouts, transcripts, analyses, returns, summaries, accounts, estimates, projections, comparisons, messages, press releases, circulars, reviews, opinions, offers, studies, photographs, investigations, questionnaires, surveys, work sheets, statistical data, reports, notebooks, manuals, charts or other graphic matter, plans, journals, ledgers, bank records, financial statements, summaries, analyses, commentary, expense reports, books, instructions, financial reports, working papers, records notes, notices, confirmations, telegrams, teletypes, interoffice or intra-office communications, cables, and minutes or notations or other records of any type of any conversation, interview, telephone call, meeting, conference, discussion, or other communication. It includes any transmittal slip, attachment, appendix, or other document referenced herein. It includes, without limitation, any information contained on audiotape, videotape, microfilm, or microfiche, as well as any electronically stored information that has been created using, or is otherwise maintained on, digital repositories or other

4 of 6

electronic media including, but not limited to, personal computers, office workstations, laptops, hard drives, handheld devices (such as Palm, trio or Blackberry), phones (office, mobile and/or home), removable electronic storage devices (such as CDs, DVDs, and USB or thumb drives), shared network drives and servers (including email and/or file servers) and back-up tapes (or other disaster recovery/archiving media).

2. The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information which might otherwise be construed to be outside its scope. The singular includes the plural number, and vice versa, so that neither shall be construed as a limitation. The masculine, feminine, and neuter genders each include the others.

3. The term "person", "persons", and "anyone" includes, without limitation, natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof.

4. The terms "referring" and "relating", with respect to any given subject, shall be construed broadly to mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5. The terms "including" and "includes", with respect to any given subject, shall be construed broadly so that specification of any particular matter shall not be construed to exclude any documents that you have reason to believe that Guydon Love, LLP, might regard as responsive.

6. The terms "you" and "your" include you individually, in your official capacity as employee of the GoDaddy.Com, Inc. and any or all of its branches, departments or agencies, and, without limitation, anyone presently or formerly employed there, suspended from employment there, or on administrative leave from there.

## SCHEDULE OF DOCUMENTS AND/OR OBJECTS REQUESTED

1. All documents, including but not limited to emails, logs, inter-office memoranda, letters, notes, post-its, and file entries, work papers that evidence communications sent from renataroy@ppas-inc.com for the period of July1, 2005 to December 1, 2006.

2. All documents, including but not limited to emails, logs, inter-office memoranda, letters, notes, post-its, and file entries, work papers that evidence communications received by renataroy@ppas-inc.com for the period of July1, 2005 to December 1, 2006.

### ROLINSKI & SUAREZ, LLC
### ATTORNEYS AT LAW

SYLVIA J. ROLINSKI*
LOUIS J. SUAREZ**
DANIELLE M. ESPINET***

*Admitted in MD, DC and NY
**Admitted in MT
***Admitted in NY, MD, DC,
and FL

14915 River Road
Potomac, Maryland 20854
Tel: (240) 632-0903
Fax: (240) 632-0906
**www.Rolinski.com**

**DEspinet@Rolinski.com**

Suite 440
1615 L St., N.W.
Washington, D.C. 20036
202-445-6955

Longwood, Florida
(Orlando Metro Area)

Sofia, Bulgaria
Varna, Bulgaria

October 12, 2007

*VIA E-MAIL*
Mr. Jonathan Love, Esq.
Guydon Love
3309 Duke St.
Alexandria, VA

Re: *Tom Sawyer Company v. PPAS, et. al.*

Dear Mr. Love:

I am in receipt of four subpoenas issued by your office on September 17, 2007, to four separate entities in the above referenced case. I received these subpoenas in the regular mail on October 10, 2007, accompanied by a letter from your legal assistant dated October 5, 2007. These subpoenas had a return date of October 8, 2007, two days before I received notice of same in the mail and three days after they were allegedly served on me by your office. Not only have you abused your subpoena power under the Federal Rules by issuing discovery requests in clear violation Federal Rule of Civil Procedure 26(d) and 45(b); you have abused the discovery process as well. Putting aside your blatant violation of the discovery process, your failure to timely serve the subpoenas as required by both Rule 45 and Rule 5, demonstrates that you are proceeding in bad faith. Under no construction of either Rule would you be permitted to serve a subpoena on Defendant eighteen days after it was issued and three days before the production was commanded to take place.

Unless you can provide me with an explanation for your actions that satisfies the requirements of the Federal Rules, I will insist that you immediately withdraw these subpoenas and return, un-copied, any documents you may have procured pursuant to these abusive subpoenas to the entities who supplied them. If I do not hear from you by close of business on Monday, I will have no choice but to seek proper relief from the Court.

Sincerely,

Danielle M. Espinet, Esq.

DME/kr
G:\Legal Docts\Civil\Tom Sawyer Productions v. PPAS\Correspondence\correspondence counsel\07-10-12 fax DME to Love.doc



EXHIBIT
4

# GUYDON LOVE, LLP

### ATTORNEYS & COUNSELLORS AT LAW

Quaker Professional Square
3309 Duke Street
Alexandria, Virginia 22314
WWW.GUYDONLOVE.COM

Telephone (703) 212-9000
Facsimile (703) 212-9001

Other Firm Locations:
Washington, D.C.
Landover, MD

September 14, 2007

**VIA FACSIMILE**
Danielle M. Espinet, Esq.
Rolinski & Suarez, LLC
14915 River Road
Potomac, MD 20854

RE:    **Portfolio Management Group, LTD, et al. v. Tom Sawyer Productions, Inc.**
       **Deposition Testimony of Carolyn Sawyer**

Dear Mrs. Espinet:

    Congratulations on your recent nuptials. I wish you and your husband success, health and longevity in marriage.

    I am waiting to hear from Ms. Sawyer if she will be available for deposition on September 20, 2007. I am unavailable on the other days you requested, and after that my earliest availability will be the first week of October 2007. Please share with me by letter or email other days you propose during the first week of October 2007, if Ms. Sawyer is not available on September 20, 2007.

    Also, if you will, please note that our law firm name on your letters should be Guydon Love, LLP and not The Love Law Firm. Thanks for all.

Sincerely yours,

Jonathan F.S. Love, Esq.

JFSL/djf

EXHIBIT
5
Blumberg No. 5192

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**TOM SAWYER PRODUCTIONS, INC.** )
         **Plaintiff,** )
          )
      **v.** )     **Case No.:1:07CV01304**
          )     **Judge: Rosemary M. Collyer**
**PROGRESSIVE PARTNERS** )
**ACHIEVING SOLUTIONS, INC., et. al.** )
_____ )

### <u>ORDER</u>

      UPON CONSIDERATION of Plaintiff's Motion for Enlargement of Time to Late File its Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, Defendant's Opposition thereto, and for good cause shown, it is this _____ day of _____, 2007,

      ORDERED that Plaintiff's Motion for Enlargement of Time to Late File its Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, shall be and hereby is DENIED; and it is

      FURTHER ORDERED that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, shall be and hereby is GRANTED as unopposed; and it is

      FURTHER ORDERED that the above captioned matter be dismissed, with prejudice.

          SO ORDERED.


          _____
          Honorable Rosemary M. Collyer
          Judge, United States District Court