UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOM SAWYER PRODUCTIONS, INC. )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PROGRESSIVE PARTNERS )<br>ACHIEVING SOLUTIONS, INC., <u>et. al.</u> )<br> ) | Case No.:1:07CV01304<br>Judge: Rosemary M. Collyer |

DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF LAW AND
POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

I.     INTRODUCTION

Plaintiff, after failing not once, not twice, but three times to file an opposition either on time or pursuant to deadlines it imposed on itself, now seeks to have this Court not only accept its untimely opposition, but to give credit to its erroneous and sometimes absurd arguments as to why this merit less case should proceed.  Plaintiff's opposition should be rejected because it fails to comply with the procedural requirements of Rule 56 and Local Rule 7(h), fails to assert a single basis for maintenance of the suit, and it is untimely filed, without leave of Court.

II.     ARGUMENT

A.     Plaintiff's Failure to Comply with the Requirements of
Rule 56 and LCvR 7(h) Mandates Dismissal

Plaintiff's untimely filed opposition fails to comply with the requirements of Federal Rule of Civil Procedure 56(e) and Local Civil Rule 7(h).  As such, not only must Defendants' factual assertions be treated as admitted, but the motion must be granted and the case dismissed.

1.     **Pursuant to FRCP 56(e), Plaintiff's Failure to Attach
       Competent Evidence to Rebut Defendant's Evidence Mandates
       Granting Defendant's Motion**

To be entitled to consideration on summary judgment, the evidence supporting the

facts set forth by the parties must be such as would be admissible in evidence. *See*

*Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district

court properly did not consider inadmissible hearsay in an affidavit filed with a motion

for summary judgment); *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1315-16 (4th Cir.

1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine

whether the plaintiff has proffered sufficient proof in the form of admissible evidence

that could carry its case at trial.").

> To be admissible, documents must be authenticated [by and attached to an
> affidavit that meets the requirements of and the affiant must be a person
> through whom the exhibits could be admitted into evidence.] Thus a
> [contract] submitted for consideration under Rule 56(e) must be attached
> to an affidavit and authenticated…in the affidavit or a deposition.

10A C. Wright & A. Miller & E. Cooper, Federal Practice and Procedure§ 2722

(2007).

> With regard to documentary evidence, "unsworn, unauthenticated
> documents cannot be considered on a motion for summary judgment. To
> be admissible at the summary judgment stage, documents must be
> authenticated by and attached to an affidavit that meets the requirements
> of Rule 56(e)[1]- that the documents be admissible in evidence.

*Miskin v. Baxter Healthcare Corp. et. al.*, 107 F.Supp.2d 669 (D.Md. 1999)

(citing *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)).

---

[1]  FRCP 56(e) provides that "(s)upporting and opposing affidavits shall be made on personal knowledge,
shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is
competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof
referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

As such, the trial court cannot give consideration to inadmissible hearsay or to unauthenticated, unsworn documents upon which Plaintiff relies. Plaintiff's opposition is unaccompanied by an affidavit or a declaration attesting to the authenticity of or to the facts supporting the admissibility of the FHWA contract appended to its opposition as Exhibit 1. Accordingly, the Court must ignore Plaintiff's Exhibit 1 as unauthenticated. To the extent that Plaintiff relies on the FHWA contract to rebut the sworn statements attached to Defendants' motion, it is insufficient to do so. Plaintiff has wholly failed to meet its burden under FRCP 56(e) and Defendants' motion must be granted.

### 2.    Plaintiff's Failure to Include a Statement of Material Facts Mandates Dismissal of The Complaint

LCvR 7(h) states in material part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement….In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Plaintiff's failure to include a statement of material facts in contravention of LCvR 7(h), mandates immediate approval of Defendants' motion and immediate dismissal of Plaintiff's Complaint. *See Argueta v. Government of District of Columbia*, 355 F.Supp.2d 408 (D.D.C. 2005) (court granted the plaintiff's motion for summary judgment after it deemed the defendant to have admitted the facts identified by the

plaintiff in its motion for summary judgment because the defendant failed to comply with LCvR 56.1 (which is identical to LCvR 7(h)). *See id.* at 413-14.).

Even if Section V. of Plaintiff's opposition, Pl Memo at 7, could arguable be construed as a statement of material facts sufficient to satisfy LCvR 7(h), the facts as stated in Defendants' motion must still be conceded. Plaintiff urges the Court to accept the FHWA contract as FRCP 56(e) evidence sufficient enough to rebut the sworn testimony of Fred Isler, attached to Defendants' Motion to Dismiss at Exhibit 8, however, as is discussed above, this unauthenticated document is insufficient and as such, Defendants' factual assertions remain unchallenged[2].

**B.     Plaintiff's Arguments With Regard to Service of Process Must Be Rejected**

Plaintiff bears the burden of establishing that service of process upon these Defendants was proper. *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987); *Norlock v. City of Garland,* 768 F.2d 654, 656 (D.C.Cir.1985) ("Once the validity of service of process has been contested, the plaintiff 'must bear the burden of establishing its validity." ') (quoting *Aetna Bus. Credit v. Universal Decor,* 635 F.2d 434, 435 (5th Cir.1981)); *Saez Rivera v. Nissan Mfg. Co.,* 788 F.2d 819, 821 (1st Cir.1986). To do so, the plaintiff must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law. *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987). Plaintiff has failed to demonstrate that service was proper and has therefore failed to meet its burden.

Plaintiff's argument that it complied with FRCP 4(e)(2) is unavailing. Plaintiff misses the point of Defendants' arguments and completely ignores the well recognized

---

[2]  *And see* discussion at Section II F, *infra.*

exceptions to the *Burnham* doctrine. Since it is undisputed that Roy was physically in the jurisdiction only pursuant to a notice of deposition in the Superior Court matter and that service was effected upon her in no other way than at the conclusion of that deposition, pursuant to both *Burnham* and *Greene*, service was improper. Plaintiff fails to address Defendants' argument that persons are immune from service of process when they are physically in the jurisdiction for no other purpose than to be a witness in other litigation, *Buffkin v. Alum-Co Nat., Inc.*, 331 F.2d 96, 98 (D.C. Cir. 1963), nor does it allege that service was properly effected some other way. Pl. Memo at 3.

Moreover, Plaintiff's construction of FRCP 4(h)(1) is questionable, given the context upon which service upon PPAS was effected. Plaintiff misunderstands Defendants' "tag" service argument to mean that a corporation cannot be served through its corporate officers. Obviously, the argument is quite different and simply points out that service could not have been effected at the time it was due to PPAS being in the jurisdiction only to give deposition testimony in the Superior Court Action. And as both the *Burnham* and the *Unger* courts have pointed out, service upon a corporation's officers while physically present in the jurisdiction, while may be proper in circumstances other than those present in this case, it is not a proper way to serve a corporation who itself is not physically present in the District. *Estate of Ungar v. Palestinian Authority,* 400 F.Supp.2d 541, 543 (S.D.N.Y.2005). Accordingly, service as to both Defendants was defective and the Complaint must be dismissed.

**C.     Plaintiff's Argument that Roy is Subject to Personal Jurisdiction Must Be Rejected**

Plaintiff argues that Roy is subject to this Court's jurisdiction because 1) she conducted business in the District of Columbia and 2) because she caused tortuous injury in the District.  For the reasons set forth below, both of these arguments must fail.

First, Plaintiff presupposes that Roy was conducting business in the District in her individual capacity.  To support this contention, Plaintiff cites two lines in testimony that Ms. Roy gave in the Superior Court action as a 30(b)(6) designee for her business, PPAS. Putting aside that the testimony was given on behalf of PPAS and not Ms. Roy, reading the testimony in context clearly establishes that she was speaking about her business and not about herself personally.   The testimony reads:

> Q. Who are the owners of this business?
> A.  I am.
> Q. Sole Owner?
> A. Yes.
> Q. What is the type of business that you have?
> A. Professional management consulting, focus on business and education.
> Q.    Any other officers or directors of your corporation?
> A.  Just me.
> Q. Do you have a registered office in the District of Columbia?
> A.  No, I'm not required.
> Q. Do you do business in the District of Columbia?
> A. Yes, I do.

Pl. Exh. 2, Roy Depo p. 17, Lines 3-19.

Ms. Roy clarifies her deposition testimony as follows:

> 1.     I am a U.S. citizen and resident of the State of Maryland.  I currently work as the Chief Operating Officer of Progressive Partners Achieving Solutions, Inc., ("PPAS").

2.    I am one of the Defendants named in the Complaint filed in this cause by Tom Sawyer Productions, Inc. ("Plaintiff or TSC").

3.    I am not a citizen or resident of the District of Columbia, nor do I work or in the District of Columbia.

4.    My Co-Defendant and employer, PPAS, is a duly incorporated entity in the State of Maryland and maintains an office in Maryland.  Neither PPAS nor myself, maintains a business address in the District of Columbia.

5.    PPAS is a business development firm specializing in marketing and strategic business planning.

7.    I do not personally transact any business within the District of Columbia.  All my business dealing within the District of Columbia are done in my capacity as President and CEO of PPAS or on behalf of PPAS.

8.    I do not personally contract to supply services or things in the District of Columbia.  Any contract to supply services or things within the District of Columbia are done in my capacity as President and CEO and or representative of PPAS or on behalf of PPAS. All contracted services are rendered by PPAS are provided in the PPAS Company Name.

9.    I do not regularly personally do or solicit business, or engage in any persistent course of conduct, or derive any substantial revenue from goods used or consumed or services rendered in the District of Columbia.

DX 1, attached to Def Motion.

Nothing in Ms. Roy's deposition testimony contradicts her testimony in her declaration.  It is clear that Ms. Roy conducts no business in the District of Columbia that is not the business of PPAS.  Accordingly, this Court lacks jurisdiction over her person.

7

Second, Plaintiff's contention that Roy caused tortuous injury within the District is premised on the same faulty logic as its first argument. As Defendants explain in their motion, a court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation. *See Keeton v. Hustler Magazine,* 465 U.S. 770, 780 n. 13, (1984); *Wiggins v. Equifax, Inc.,* 853 F.Supp. 500, 503 (D.D.C. 1994). As the court in *Overseas Partners, Inc. v. Progen,* 15 F.Supp.2d 47, 51 (D.D.C. 1998) explained:

> Personal jurisdiction over officers of a corporation in their individual capacities must be based on their personal contacts with the forum, not their acts and contacts carried out solely in a corporate capacity.

*Id.; see also Schwartz v. CDI Japan, Ltd.,* 938 F.Supp. 1, 6 n. 8 (D.D.C. 1996). Plaintiff fails to show how Roy acted personally to cause tortuous injury in the District, it fails to establish or even allege that Roy acted ultra vires or that her conduct was unauthorized by PPAS. Similarly, Plaintiff fails to allege a single fact that would allow this Court to pierce the corporate veil or to impute the acts of PPAS to Roy.

Moreover, Plaintiff's argument fails to meet the standard under FRCP 12(b)(2) in that Plaintiff has failed to allege a single fact that if true, would allow this Court to exercise jurisdiction over Roy. The best Plaintiff could do was argue "upon information and belief," that "Roy's unauthorized and impermissible communication to the FHWA was all or part of the reason why the contract was terminated, thereby causing injury to TSP." Pl. Memo at 5. This is pure conjecture that contradicts no portion of Roy's declaration, and as such the Court cannot accept it as true. *Blumenthal v. Drudge,* 992 F.Supp. 44, 53 (D.D.C.1998) (a plaintiff must allege "specific facts upon which personal

jurisdiction may be based); *GTE New Media Servs., Inc. v. BellSouth Corp.,* 199 F.3d

1343 (D.C.Cir.2000) (plaintiff cannot rely on conclusory allegations to support

jurisdiction); *United States v. Philip Morris Inc.,* 116 F.Supp.2d 116, 120 n. 4

(D.D.C.2000).

Accordingly, any assertion that Roy is subject to the jurisdiction of this Court in

her individual capacity, without more cannot be sustained.  As such she must be

dismissed from the suit.

### D.    Plaintiff Failed to Properly Plead Tortious Interference

Plaintiff improperly contends that a single e-mail sent by Roy to FHWA rises to

the level of tortuous interference,   Pl. Memo at 5, and for the first time alleges that Roy's

alleged communications with the FHWA were negligent as well as intentional.  *Id.*  As

discussed in Defendants' Motion at Section VII C, Plaintiff's allegations are too vague to

sustain a motion to dismiss for failure to state a claim.  Specifically, Plaintiff fails to

allege any conduct by either Defendant that would rise to the level of a tortuous

interference.  Intentionally procuring a breach of a contract requires "[m]otive or purpose

to disrupt ongoing business relationships ... and a strong showing of intent is required to

establish liability."  *Rickards v. Caine Eye Reg. Found.,* 704 F.2d 1449, 1456 (9th Cir.

1983).  A general intent to interfere or knowledge that conduct will injure the plaintiff's

business dealings is insufficient to impose liability.  *Id.*  Intentional procurement of a

breach must involve egregious conduct such as "libel, slander, physical coercion, fraud,

misrepresentation, or disparagement."  *See Shepard v. Dickstein, Shapiro, Morin &*

*Oshinksy,* 59 F.Supp.2d 27, 34 (D.D.C.1999) (quoting *Genetic Sys.,* 691 F.Supp. at 423).

Plaintiff's bare conclusory assertions in its Complaint fail to rise to the level necessary to make out a properly plead count of tortuous interference.

### E.    The Court Should Decline to Either Retain or Stay This Case

Plaintiff's argument that this case should be adjudicated by this Court falls short of swaying the *Colorado River* factors in its favor. Plaintiffs allege that they did not discover the alleged conduct until April 2007. However, discovery in the Superior Court case did not close until June and Plaintiff did not request leave to amend its answer to include the counter claim. Instead Plaintiff waited over three months and filed the instant action in this Court.

Furthermore Plaintiff's claims that FHWA may become a party to this suit, is insignificant at the moment and certainly does not weigh in its favor. The FHWA is not a necessary party and the Plaintiff does not allege that it is.

Lastly, Defendant vehemently opposes any suggestion that this case should be stayed pending the outcome of the Superior Court case[3]. Plaintiff claims it found out about the allegation of this case in April of 2007. It filed its answer to the Superior Court complaint in March of 2007, just one month prior. It could have and should have, filed its motion then to amend its answer. With over three months left in the discovery period, Plaintiff could have adjudicated its claims in the proper forum, the D.C. Superior Court, which it now appears to concede.    As such, this Court should decline to exercise jurisdiction and dismiss the Complaint.

---

[3]  Plaintiff's motion for summary judgment filed in the Superior Court action was denied on November 28, 2007.

**F.    The Isler Declaration is Not Defective**

Plaintiff appears to argue that the declaration of Frederick Isler appended to
Defendants' Motion is defective because 1) Van Nixon was the contracting officer; and
2) Isler could not have complied with the *Toughy* regulations.  Both of these arguments
are without merit.

First, Plaintiff relies solely on the unauthenticated FHWA contract attached to the
opposition for the fact that Van Nixon was the contracting officer.  However, not only is
the contract not competent evidence under FRCP 56(e), the document actually states that
the contracting officer is Sarah Tarpgaard.  *See* Pl. Exh. 1 at box 31b.  In any event, the
identity of the contracting officer does nothing to contradict Mr. Isler, who doesn't claim
to be the contracting officer, but the manager of the contract itself.  As one court noted:

> In enacting § 605 of the Contract Disputes Act, Congress
> described the flexible role of the contracting officer:
> While the objective may be to make the contracting officer
> the focal point for decisions, practicability dictates that the
> extent to which the contracting officer relies on his own
> judgment or abides by the advice or determination of others
> is dependent on a variety of factors, including ... the nature
> of the particular procurement.... [I]t is impossible to
> generalize as to what the contracting officer's role should
> be in all situations....
>
> Thus, in the disputes and remedies area, the procuring
> agencies should have flexibility in deciding what role the
> contracting officer will have.... [I]f for one reason or
> another, the contracting officer is not the primary decision
> maker on a contract matter, the Government must tell the
> contractor this, and tell the contractor who is making the
> decision.
> S.Rep. No. 1118, 95th Cong., 2d Sess. 1, at 21-22,
> *reprinted in*1978 U.S.Code Cong. & Admin.News 5235,
> 5255-56.
> *Neal & Co., Inc. v. U.S.*, 945 F.2d 385, 388 (CA Fed 1991).

The contracting officer's identity is not determinative and as Mr. Isler testified:

3) In my capacity as Associate Administrator of the Office of Civil Rights, I was the manager of the FHWA Contract referred in the Complaint (the "Contract"). I am familiar with the facts and circumstances surrounding the decision to terminate that Contract.

4) As the Associate Administrator of the Office of Civil Rights and the manager of the Contract, I was the sole decision maker with regard to the determination of the need for the Contract, the final approval of the Contract and any decisions to terminate the Contract. No one else has the authority to make those decisions.

5) I terminated the Contract on September 6, 2006.

6) My decision to terminate the Contract on that day was not influenced in any way by the actions or inactions of either Progressive Partners Achieving Solutions, Inc. ("PPAS") or Renata Roy ("Roy"). As a matter of fact, my decision to terminate the FHWA contract had absolutely nothing to do with either PPAS or Roy at all.
DX 8.

Secondly, the Court should have no reason to assume that Mr. Isler did not comply with the *Toughy* regulations. In fact, on July 26, 2007, undersigned counsel had a telephone conversation with Mr. Isler about the substance of his declaration. Mr. Isler informed undersigned counsel that he had to have his attorney review the document before he signed it. *See* Declaration of Attorney Espinet, attached hereto as Exhibit 1, and *see* e-mail dated July 26, 2007, from D. Espinet to F. Isler submitting the declaration for Mr. Isler's attorney's consideration. As such, it appears that Mr. Isler has complied with the *Toughy* regulations, or at least provides the Court enough factual predicate to assume that he did. Accordingly, Plaintiff's credibility concerns are baseless, Mr. Isler's declaration remains unchallenged and Defendants' motion must be granted.

## III.   <u>CONCLUSION</u>

On the basis of the foregoing the instant motion should be granted.

Respectfully submitted,

Rolinski & Suarez, L.L.C.


   /s/Danielle M. Espinet
Danielle M. Espinet, Bar # 478553
14915 River Rd.
Potomac, MD 20854
Ph: (240)632-0903
Fax: (240)632-0906
Email: despinet@rolinski.com

Counsel for the Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOM SAWYER PRODUCTIONS, INC.  )
      **Plaintiff,**                )
                    )
         **v.**                       )    Case No.:1:07CV01304
                    )    Judge: Rosemary M. Collyer
**PROGRESSIVE PARTNERS**       )
**ACHIEVING SOLUTIONS, INC., <u>et. al.</u>** )
                    )

<u>DECLARATION OF DANIELLE M. ESPINET</u>

Being first duly sworn, the undersigned deposes and says:

1.     My name is Danielle M. Espinet.  I am more than twenty-one years of age, and I am competent to make this declaration.  I have personal knowledge of all the facts set forth herein.

2.     I am a U.S. citizen and resident of the State of Virginia.  I currently work as an attorney for Rolinski & Suarez, LLC.

3.     I am counsel of the Defendant named in the Complaint filed in this cause by Tom Sawyer Productions, Inc. ("Plaintiff or TSC").

4.     On July 26, 2007, I spoke on the telephone to Mr. Isler with regard to the substance of his declaration.  He informed me he had to have his attorney review the statement before he signed it.

4.     I am the author of the attached e-mail written on July 26, 2007, to Mr. Frederick Isler.

5.     The e-mail attached represents a true and identical copy which was sent to Mr. Frederick Isler by me on that date.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

Blumberg No. 5192

EXHIBIT

1

I declare under penalty of perjury that the foregoing is true and accurate to the best of my personal knowledge.

_____

Danielle M. Espinet

Dated:  December 3, 2007

## Danielle M. Espinet

| | |
|---|---|
| **From:** | Danielle M. Espinet |
| **Sent:** | Thursday, July 26, 2007 12:01 PM |
| **To:** | FrederickD. Isler@fhwa. dot. gov |
| **Cc:** | renataroy@aol.com |
| **Subject:** | 07-07-24 dec fred isler.doc |
| **Attachments:** | 07-07-24 dec fred isler.doc |

Dear Mr. Isler,

Pursuant to our telephone conversation today, here is the updated declaration for your attorney's consideration. Please note that I will be out of the country until August 6, 2007 and will be unavailable by telephone.  I will however, be available via e-mail.  Thank you again for your help.

Best Regards,

*Danielle M. Espinet, Esq.*
Rolinski & Suarez, LLC
14915 River Road
Potomac, MD  20854
Telephone: +1-240-632-0903
Fax: +1-240-632-0906
*despinet@Rolinski.com*
*www.rolinski.com*

---------NOTICE---------------------------------
This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not one of the named recipient(s), please immediately notify the sender (240) 632-0903 and delete this e-mail message from your computer. Thank you.