**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOM SAWYER PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 07-1304 (RMC) |
| | ) |
| PROGRESSIVE PARTNERS | ) |
| ACHIEVING SOLUTIONS, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

When a team of three companies lost a federal contract, litigation in the Superior Court of the District of Columbia ensued. *Portfolio Mgmt. Group, Ltd. v. Tom Sawyer Prod., Inc.*, No. 34-07 (D.C. Super. Ct. filed June 23, 2007). Sued for an alleged breach of contract, the defendant in Superior Court became a Plaintiff in federal court, suing one of the former teammates and its president for alleged tortious interference with contractual relations. The questions raised by the Defendants' motion to dismiss concern proper service and whether this Court should allow the same essential dispute to be litigated in two fora. After consider the parties' briefs carefully, the Court will grant Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment [Dkt. # 6].

## I. BACKGROUND

Progressive Partners Achieving Solutions, Inc. ("PPAS"), Portfolio Management Group, Ltd. ("PMG"), and Tom Sawyer Productions, Inc., ("TSP") entered into a teaming agreement to provide event services to the Federal Highway Administration ("FHWA") in connection with a National Civil Rights Summit to be held by FHWA's Office of Civil Rights. The contract was

awarded to the teaming partners on April 22, 2006; TSP was listed as the prime contractor.

There were some strains in the relationships among the teaming partners from the start. Asked by TSP to develop a justification for three regional conferences, Ms. Renata Roy, president of PPAS and a Defendant here, responded with questions: she wanted to know whether the FHWA had issued a task order and whether they should bill hours on unrelated regional conferences to the contract for a national summit. It appears that TSP forwarded only a portion of Ms. Roy's e-mail to the client, FHWA. On July 21, 2006, Ms. Roy sent an e-mail to PMG, TSP, and various officials at FHWA. That e-mail stated:

> Mr. Isler and Team, I received an email note this morning from Ms Sawyer [of TSP], that was sent to the entire team. It only contained a portion of the message that I sent to her for clarification of the request to develop additional justification/proposal for regional conferences. Only one sentence from my email was forwarded to the team. It did not convey my full response to her request. I am forwarding you the original email which is below for your review. It is important that the use of hours are applied appropriately against the specified contract. I did not want to use the hours that are contracted to the Summit to meet the needs of other tasks without the permission of the Client. I am more than willing to fulfill all requirements in support of the Client's request if the Prime Contractor informs all team members fully that it is a "Client request." As a small business, it is also important to have an understanding of contract hours and protect[i]on of in tellectual [sic] property.
>
> Mr. Isler and Brenda, if this is a Client's request, it was not fully communicated or translated to the team as such. I will move forward if this is your request. Based on the time frame for planning a quality National Summit, we may need to consider other options instead of regional conferences.
>
> I sincerely apologize for any confusion or discrepancies the email information forwarded by Ms Sawyer may have caused since it was an excerpt from the complete note. I look forward to being a team member and a partner to

support the program goals of FHWA.

Defs.' Mem. in Supp. of Mot. to Dismiss or, in the Alternative, for Summ. J. ("Defs.' Mem."), Ex. 3.

On September 6, 2006, FHWA terminated the contract with the teaming partners for the "convenience of the government." *See* Defs.' Mem. at 3. On October 24, 2006, TSP sent a letter to PMG and PPAS. That letter represented that one-third of the remaining balance in the FHWA account was being distributed to each of the teaming partners as final distribution of contract revenues. TSP did not provide a complete and full financial accounting of all monies collected and spent, as requested by PPAS.

PPAS and PMG sued TSP in Superior Court on January 4, 2007, alleging breach of contract and breach of fiduciary duty. On or around March 5, 2007, TSP filed its Answer but did not include any counterclaims. In June 2007, all parties propounded interrogatories and document requests. On July 23, 2007, TSP took the Federal Rule of Civil Procedure 30(b)(6) deposition of PPAS through Renata Roy. Discovery in the Superior Court case was slated to close on September 28, 2007.

At the conclusion of Ms. Roy's 30(b)(6) deposition, counsel for TSP served her with two summonses and complaints in this case. One summons was directed at PPAS and one was directed to Ms. Roy personally. TSP argues that Ms. Roy's e-mail to FHWA officials was "not permitted nor [sic] authorized under the FHWA contract" and that the e-mail "revealed dissension, disagreement and insubordination by Roy with TSP." Pl.'s Opp'n to Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. ("Pl.'s Opp'n") at 5. TSP contends that Ms. Roy's e-mail caused FHWA to terminate the contract. *Id.*

When the parties "were in the final stages of discovery," for the Superior Court action, "TSP became aware of all of PPAS and Roy's interferences in the FHWA contract, and their

relationships with FHWA contracting personnel who terminated the FHWA contract." *Id*. at 6. "TSP does not dispute that some of the parties and facts that are involved in the Superior Court law suit are similar to those in this law suit." *Id*. However, "TSP sued in this Court because the FHWA could at some point become a party to this federal law suit, and the Superior Court does not have jurisdiction over the FHWA. In addition, the time for filing a counterclaim in the Superior Court matter passed by the time TSP became aware of FHWA officer's relationship with Roy and PPAS." *Id*.

Defendants PPAS and Ms. Roy ask the Court to dismiss the Complaint. TSP urges the Court to accept jurisdiction or, alternatively, to stay these proceedings so that TSP can apply to Superior Court to join these allegations with the pending case.

## II. LEGAL STANDARDS

Defendants move to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), for improper service of process, pursuant to Rule 12(b)(5), and for failure to state a claim, pursuant to Rule 12(b)(6). In the alternative, Defendants move for summary judgment, pursuant to Rule 56.

### A. Federal Rule of Civil Procedure 12(b)(2)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are insufficient. *Id.*

In determining whether a factual basis for personal jurisdiction exists, the court should

resolve factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. The court need not treat all of the plaintiff's allegations as true, however. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id.*

**B.     Federal Rule of Civil Procedure 12(b)(5)**

"Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant." *Estate of Kleiman v. Palestinian Auth.*, 2008 U.S. Dist. LEXIS 31746, at *9 (D.D.C. Apr. 18, 2008) (citations omitted). Under Federal Rule of Civil Procedure 12(b)(5), "[i]f the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint . . . . Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service." *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Failure of service is a jurisdictional defect which is fatal. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987).

**C.     Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. A sufficient complaint "contains a short and plain statement of the claim showing that the pleader is entitled to relief, enough to give a defendant fair notice of the claims against him." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, No. 07-7105, 2008 U.S. App. LEXIS 9627, at *13 (D.C. Cir. Apr. 29, 2008) (internal citations and quotation marks omitted). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  The court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor, *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), and the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965.  *See also Aktieselskabet*, 2008 U.S. App. LEXIS 9627, at *13 ("In deciding a 12(b)(6) motion, a court construes the complaint liberally in the plaintiff's favor, accepting as true all of the factual allegations contained in the complaint.") (citations omitted).  But the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Id*. at *19 n.4; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In deciding a 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).  However, the Court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(b); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

      **D.**       **Federal Rule of Civil Procedure 56**

          Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).

Moreover, summary judgment is properly granted against a party who "after adequate time for discovery

and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable

inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.

*Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence

of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may

not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir.

1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to

find in its favor. *Id.* at 675. If the evidence "is merely colorable, or is not significantly probative,

summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. ANALYSIS

The Court will dismiss the Complaint. Even if service were proper as to all Defendants,

which it was not, TSP has failed to challenge any of the facts on which Defendants move, in the

alternative, for summary judgment, and they are deemed conceded. *See* LCvR 7(h) (facts set forth in

motion for summary judgment are admitted if not controverted in response to summary judgment); *see*

*also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir.

1996); *Twist v. Meese*, 854 F.2d 1421, 1423-25 (D.C. Cir. 1988); *Heasley v. D.C. General Hosp.*, 180

F. Supp. 2d 158, 163 (D.D.C. 2002).

A.      **Service of the Summons and Complaint**

Defendants argue that service on Ms. Roy and on PPAS, via Ms. Roy, was defective.

1.      Service on Ms. Roy

TSP's argument that it complied with Federal Rule of Civil Procedure 4(e)(2)[1] is unavailing. Ms. Roy was in the District of Columbia under the compulsion of a deposition summons for the Superior Court case when she was served with the summons and complaint in this case. Thereby, TSP asserts that it properly served her individually. Were Ms. Roy in D.C. for normal business, sightseeing, or shopping, TSP would be correct. However, because Ms. Roy was only present in the District of Columbia to testify on behalf of PPAS in the Superior Court action, she was immune from service of process in her individual capacity and the purported service was defective. *See Godfrey v. Iverson*, 2007 U.S. Dist. LEXIS 43269, at *2 (D.D.C. June 15, 2007) ("[A]s a general rule, witnesses attending depositions or hearings in connection with the conduct of one suit are immune from service of process in another suit.") (internal quotation marks and citations omitted). Given the Court's finding that service was improper, it does not reach the question of whether Ms. Roy has sufficient contacts with the District to allow this Court to exercise personal jurisdiction over her.

2.      Service on PPAS

TSP argues that it complied with Federal Rule of Civil Procedure 4(h)(1) in serving PPAS via Ms. Roy, president of PPAS, at the conclusion of her deposition in the Superior Court action. According to Rule 4(h), a corporation must be served: (1) "in a judicial district of the United States .

---

[1] Federal Rule of Civil Procedure 4(e)(2) permits service on an individual by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

. . in the manner prescribed by Rule 4(e)(1)[2] for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agency, or to any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h). There must "also be a constitutionally sufficient relationship between the defendant and the forum, and a basis for the defendant's amenability to service of summons." *Estate of Klieman*, 467 F. Supp. 2d at 112.

Ms. Roy was complying with a summons for her appearance as a Rule 30(b)(6) witness on behalf of Maryland-based PPAS when she was served by TPS. She was in D.C. purely on compulsion of process. By analogy to case law regarding this method of service on individual defendants, it may well be that PPAS was immune to service on its compelled agent. *See Godfrey*, 2007 U.S. Dist. LEXIS 43269, at *2. However, the Court need not resolve the sufficiency of service on PPAS because it is so clear that, if properly served, PPAS is entitled to summary judgment, *see infra*.

## B.     Summary Judgment

The Complaint alleges that the FHWA contract with the teaming partners was terminated for the convenience of the government because Ms. Roy had improperly revealed dissension among the team members to officials of the client. Her action allegedly constituted tortious interference with the contract between TSP and FHWA. Defendants provided various affidavits and exhibits in support of their motion, in the alternative, for summary judgment. One such affidavit is from Frederick Isler, Associate Administrator of the FHWA Office of Civil Rights. Mr. Isler swears under penalty of perjury that he was the manager of the FHWA contract with the teaming partners, that he was the "sole decision

---

[2] Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service of process pursuant to the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(e)(1). "There is no relevant difference between federal law and District of Columbia law with respect to service upon corporations." *Prunte v. Universal Music Group*, 2008 U.S. Dist. LEXIS 18111, at *8 n.6 (D.D.C. Mar. 11, 2008) (citing D.C. Super. Ct. Civ. R. 4(h)).

maker with regard to the determination of the need for the Contract, the final approval of the Contract and any decisions to terminate the Contract. No one else ha[d] the authority to make those decisions." Defs.' Mem., Ex. 8 ¶ 5. Mr. Isler terminated the contract on September 6, 2006, for reasons that "had absolutely nothing to do with either PPAS or [Ms.] Roy at all." *Id*. ¶ 6. Mr. Isler affirms that his "decision to terminate the Contract on that day was not influenced in any way by the actions or inactions of either Progressive Partners Achieving Solutions, Inc. ('PPAS') or Renata Roy." *Id*.

In response, TSP argues through counsel that "[t]here is no way that the defendants [sic] are entitled to a judgment as a matter of law while genuine disputes of material facts remain." Pl.'s Opp'n at 7. TSP notes that Mr. Van Nixon is named as the contracting officer in the contract, not Mr. Isler, and that Mr. Isler "probably did not notify the FWHA Inspector General's office" before he provided a statement in a case in which FHWA is not a party. *Id*. The problems with counsel's arguments are obvious.

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party opposing a motion for summary judgment "may not rest upon the mere allegation or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Unless the opposing party points to 'affirmative evidence' showing disputed material facts, the court shall enter summary judgment, if appropriate, against the adverse party." *Jackson*, 101 F.3d at 150 (citing *Anderson*, 477 U.S. at 256-67). Local Rule 7(h) provides, in pertinent part:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no

genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the part of the record relied on to support the statement. . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is uncontroverted in the statement of genuine issues filed in opposition to the motion.

LCvR 7(h).

A lawyer's argument does not substitute for admissible evidence. *See Davis v. District of Columbia*, 2006 U.S. Dist. LEXIS 94650, at *16 (D.D.C. Sept. 28, 2006) ("This circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, did not set forth specific material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue.") (citing *Tarpley v. Greene*, 684 F.2d 1, 7 (D.C. Cir. 1982); *Burke v. Gould*, 286 F.3d 513, 517 (D.D.C. 2002)). Counsel offers no affidavit to authenticate the contract appended to his opposition or to otherwise support his hints of some impropriety in the relationship between PPAS and FHWA. His speculation that Mr. Isler did not comply with FWHA regulations that are not even cited to the Court does not amount to admissible evidence. Because Mr. Isler's declaration remains unchallenged, summary judgment is warranted and the Court need not reach the issue of whether litigating the relevant issues in two fora is permissible. *SEC v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000).

## IV. CONCLUSION

The Complaint charges Ms. Roy and PPAS with tortious interference with a contract. Because this Court does not have personal jurisdiction over Ms. Roy, the Complaint as to her must be dismissed. If personal jurisdiction were present, Defendants would still be entitled to summary

-11-

judgment.  A memorializing order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date: May 6, 2008